182 So.2d 846 (1966)
SNOW-WHITE ROOFS, INC.
v.
Frank BOUCHER and Robert Coppage.
No. 2020.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1966.
*847 Daniel A. McGovern, III, New Orleans, for plaintiff-appellant.
Mollere & Zaccaria, Metairie, Charles F. Barbera, New Orleans, for defendants-appellees.
Before McBRIDE, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
This is a suit on a written contract for work on the roof of a residence. Plaintiff is the contractor. Defendants are the owner of the residence and that owner's agent. The suit is for $280, the contract price, reasonable attorney's fees as stipulated in the contract, and recognition of plaintiff's lien and privilege on the property. Defendants' answer admits the contract, denies liability thereon, and alternatively prays for a $165 reduction in the price, averring that the contract included the repairing of leaks in the roof, which work plaintiff had not done, and that the sum of $165 had been paid to another contractor for those repairs.
There was judgment in the trial court in favor of plaintiff in the full amount as prayed, but subject to a $165 credit in favor of defendants, and in favor of plaintiff in the sum of $50 as an attorney's fee; the judgment cast the defendants for all costs. Plaintiff has appealed. Defendants have answered the appeal seeking a reversal of the judgment only as to those portions thereof which assess all costs in the trial court against the defendants and award plaintiff the attorney's fee.
The fact that in performing its work under the contract plaintiff did "snow white" the roof (a process discussed later in this opinion) and did not repair the leaks is undisputed. The appeal is based on plaintiff's contention that under the terms of the contract it was not obligated to repair leaks in the roof, that the contract must be enforced as written and that the trial judge was in error in admitting parol evidence which had the effect of placing plaintiff under that added obligation. Plaintiff had made timely objections to that evidence.
Under our Civil Code and jurisprudence parol evidence cannot be admitted against or beyond what is contained in a written contract; such evidence is inadmissible *848 to vary, alter or add to the contract's terms. LSA-C.C. Art. 2276; Dufrene v. Tracy, 232 La. 386, 94 So.2d 297; Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367; Reuter v. Reuter's Succession, 206 La. 474, 19 So.2d 209. However, where there are ambiguities in a written contract, parol evidence is admissible to clarify those ambiguities by showing the intention of the parties. See Rosenthal v. Gauthier, supra; Rudman v. Dupuis, 206 La. 1061, 20 So.2d 363; Holloway Gravel Co. v. McKowen, 200 La. 917, 9 So.2d 228.
The contract in the instant case is on one of plaintiff's printed forms. It does state that "Snow-White is not a water proofing" and it does make reference to a plaintiff brochure which accompanied the contract. The brochure sets out the work to be done in connection with the "Snow White Service". The repair of roof leaks is not included as part of the work as set out in the brochure. There appears in handwriting (all unprinted portions of the contract are in handwriting) on the first page of the contract, immediately below the name of the defendant-agent and the address of the premises upon which the work was to be done, the phrase "Residence to be Repaired and Snow White Coated". The approximate area to be covered by the work is stated as being the "Entire Roof Area". The contract was signed by the defendant-agent, a realtor, and by a representative of the plaintiff.
The president of the plaintiff corporation, that party's only witness, testified relative to the purposes of "snow whiting" a roof and that testimony appears to be consistent with the printed terms of the contract and brochure. His testimony was to the effect that the process beautifies, reduces the cost of air conditioning, and secures gravel on the type of roof here involved; it does not waterproof or repair leaks. However, this witness also testified that the plaintiff corporation occasionally did do other types of roofing work, including the repairing of leaks, when called for by the contract.
Clearly the contractual phrase, "Residence to be Repaired and Snow White Coated", calls for more than the snow whiting process. The word "Repaired" is in addition to that process and is ambiguous in that the type of repair is not specified. This case therefore falls under the exception to the rule we have set out above and parol evidence was properly admitted to explain the repairs intended by the parties.
The evidence admitted for this purpose consisted only of testimony given by witnesses on behalf of the defendants. Those witnesses were the defendant-agent, his secretary, and the tenant who occupied the premises. The plaintiff's representative, who had negotiated and signed the contract on behalf of plaintiff, was deceased at the time of trial. The testimony thus adduced establishes the fact that the parties intended to enter into a contract which included repairing leaks in the roof. In short summary that testimony was to the following effect:
The defendant-agent was informed by the tenant that the roof was leaking and needed repairs. He contacted several roofing contractors asking for bids or prices. He also contacted plaintiff, obtaining his information as to that corporation from the classified section of the local telephone directory and eventually entered into the contract here involved. At the time he discussed the matter with plaintiff's representative he informed that person he wished to have the leaks repaired and was told by the representative that the leaks would be repaired as a part of the contract. The leaks were not repaired and the roof continued to leak after plaintiff's work had been completed. The leaks were later repaired by another contractor at a cost of $165.
Our conclusion is that, insofar as plaintiff's appeal is concerned, the judgment must be affirmed.
Defendants' answer to the appeal does not include a contention that plaintiff failed *849 to substantially comply with its obligations under the contract. That question is not before us. The answer to the appeal seeks a reversal of the judgment only as to those portions which assess all costs in the trial court against the defendants and which award plaintiff an attorney's fee. The contention is that plaintiff cannot recover the costs or the fee because it breached the contract. We are of the opinion that the defendants are not entitled to the relief they seek.
Under our settled jurisprudence where there has been a substantial compliance with the contract, the contractor may recover the value of the work done by him under the contract even though the work be unfinished or defective and the sole remedy of the owner is to effect a reduction of the contract price by a proved amount sufficient to perfect or complete the work according to the contract; recovery by the contractor is on the contract and not on quantum meruit. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880; Federico v. Kratzberg, La.App., 163 So.2d 843; D'Antonio v. Lemoine, La. App., 144 So.2d 719; Loeb v. Neilson, La. App., 128 So.2d 447; Jones v. Tusa, La. App., 100 So.2d 799.
One of the provisions of the contract in this case is that, in the event it became necessary for plaintiff to place the contract in the hands of an attorney for collection or suit, the defendants agreed to pay a reasonable attorney's fee and any court costs incurred thereby. As this action is on the contract and as plaintiff was forced to place the matter in the hands of its attorney, institute suit and prosecute the suit to judgment, it is quite clear that the defendants are liable for the attorney's fee and the court costs.
The judgment appealed from is affirmed.
Affirmed.