DOMENGEAUX, Judge.
On November 19, 1959, one Dora B. Mc-Ganigan purchased a lot of ground together with a house thereon located in Natchi-toches, Louisiana from Jacob Lieber. The sale price was $3500.00 of which $250.00 was paid in cash and a mortgage note dated that same day was given for the balance. The note specified that it was to be paid off in equal monthly installments of $50.00 each which were to be applied first to the accrued interest due on the total unpaid principal balance, and the remainder of the installment to reduction of the unpaid principal balance. On that same day Jacob Lieber assigned the note to his wife, Selma Levy Lieber. Dora B. McGanigan transferred the property in question to Beulah Pleze and her husband, Henry Pleze, de *351 fendants herein, on November 30, 1964 for a stated consideration of $2503.04, in payment of which the defendants assumed responsibility for the payment of the balance due on the original note executed by their vendor in favor of Jacob Lieber. The instrument of sale recites the balance at that time to be $2503.04.
On September 9, 1967, Mrs. Peyton Cunningham, Sr., plaintiff herein, purchased the aforementioned note from Mrs. Lieber for a consideration of $1915.09, which sqm Mrs. Lieber stated to be the balance due on the note. Finally on August 13, 1969, Mrs. Cunningham claiming that the defendants were two installments behind in their payment of the note, availed herself of a provision in the note which made the entire amount remaining unpaid on the note, including unpaid installments, principal, interest and attorney’s fees, immediately due and collectible, at the option of the holder, should the payments be two months in arrears. She therefore filed suit via or-dinaria against the Plezes for $1425.09, the amount she alleged to be the balance due on the note, plus interest and attorney’s fees, and for recognition of her mortgage. The. defendants reconvened against her alleging that the note was overpaid at the time suit was filed and that the interest charged was usurious and that they were therefore entitled to a return of the excess payments made, a return of all interest paid under the usury laws, damages for embarrassment and humiliation, and attorney’s fees. Difr-.; ing the trial the plaintiff admitted that the amount originally sued for was incorrect and claimed instead the sum of $1256.-32. In due course the trial court rendered judgment in favor of plaintiff for the requested amount plus legal interest and ten percent as attorney fees, recognizing her mortgage, and rejecting the defendants’ reconventional demands. The defendants perfected an appeal to this court in which they seek reversal of the trial court’s judgment and reiterate their reconventional demands.
It is evident on the face of the note that had it been paid according to its tenure it would have been completely paid off by January 16, 1967, some eight months before it was negotiated to plaintiff. However the plaintiff alleges that there is still a balance due on the note because it was not paid in equal monthly installments of $50.00 each but rather was paid in installments which varied from $25.00 to $50.00 monthly, and also because the plaintiff and her vendor, Mrs. Lieber, advanced the defendants certain sums of money and later took payment from the monthly installments paid by defendants. There is merit in the first of these points, and the length of the indebtedness would be increased thereby. The second point, however, is completely devoid of merit.
Our law is clear, and the jurisprudence well settled, that the terms of a written contract may not be varied by parol. La.C.C. Art. 2276; Snow-White Roofs, Inc. v. Boucher, La.App., 182 So.2d 846; and cases cited therein. Here plaintiff seeks to vary the terms of the note and act of sale, which provide in no uncertain terms that the monthly payments are to be applied first to interest and then to principal, by saying that such payments are also to be applied to taxes, insurance, repairs, etc. This contention flies in the face of the parol evidence rule and we may not allow it. The payments made by the Plezes whatever their amount, should have been applied only to interest and principal.
Accordingly, amortizing the note, we calculate that at the time Mrs. Cunningham purchased it from Mrs. Lieber the balance would have been $1115.89 rather than the $1915.09 which Mrs. Lieber stated it to be. The correct balance due at the time suit was filed was $235.37. This final figure takes into account the fact that the final payment made by the defendants was returned to them.
There is some question in the record of the possibility that plaintiff might enjoy *352 the position of a holder in due course. Section 52 of the Negotiable Instruments Law, Title 7 of the Louisiana Revised Statutes, defines a holder in due course as follows:
“A holder in due course is a holder who has taken the instrument under the following conditions:
1. That it is complete and regular upon its face;
2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
3. That he took it in good faith and for value;
4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”
Since, as said above, it is evident from an inspection of the note that had it been paid according to its tenure it would have been completely paid off, and in fact overpaid by $425.76, by the time plaintiff purchased it, the note was matured on its face when purchased by plaintiff. Under the second paragraph of Sec. 52 then, plaintiff cannot be a holder in due course. Further, under the fourth paragraph of Sec. 52 the plaintiff is again precluded from holder in due course status since according to the note Mrs. Lieber derived title to the note by sale from Mr. Lieber and such a transaction is one prohibited by Article 2446 of our Civil Code. That the plaintiff knew the two Liebers involved to be husband and wife is evident from the record.
Nor does Sec. 58 of the NIL avail plaintiff. That section reads thusly:
“In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter.”
Even if under the NIL Mrs. Lieber could be a holder in due course in spite of the Codal prohibition against her purchase of the note, a question which we do not reach, Mrs. Cunningham would have no greater rights than would Mrs. Lieber. As seen above, the' latter had no right to apply monies paid her by the defendants to anything but interest and principal on the note and hence neither would the plaintiff have such rights. We readily conclude therefore, that recovery on this note by Mrs. Cunningham must be limited to the amount due on the note when all of the payments made by the defendants are applied first to interest and then to principal, and to nothing else.
Insofar as this suit is concerned, the plaintiff is entitled to recover the sum of $235.37, plus interest at the rate of eight percent per annum and 10 percent attorney’s fees on the principal and interest as provided for in the note. We express no opinion herein regarding the rights that Mrs. Cunningham may have, this note aside, against Mrs. Lieber or the Plezes.
Since a balance is due on the note and the rate of interest of eight percent is not .usurious under La.C.C. Art. 2924, the judg-■ipMent of the lower court insofar as it denied the reconventional demands of defendants, is affirmed. Insofar as it rendered judgment in favor of plaintiff, its judgment is amended so as to reduce the amount awarded to Mrs. Cunningham from $1256.32 plus interest at the rate of eight percent per annum from June 17, 1969 until paid and 10 percent attorney’s fees on the principal and interest to $235.37 plus interest at the rate of eight percent per annum from June 17, 1969 until paid and 10 percent attorney’s fees on the principal and interest and as thus amended, is affirmed. All *353 costs in both courts to be borne by defendants-appellants.
Amended and affirmed.