512 So.2d 862 (1987)
Robert E. LaRUE, et al.
v.
CROWN ZELLERBACH CORPORATION, Lonnie Massey and Marjorie Margaret Cherniak.
No. 86 CA 0195.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
Dissenting Opinion June 29, 1987.
Rehearing Denied September 2, 1987.
Writ Denied November 20, 1987.
*863 Thomas J. Hogan, Jr., Greensburg, for Robert LaRue, et al.
Duncan S. Kemp, III, Hammond, for Lonnie Massey.
Charles Hughes, Jr., Bogalusa, for Crown Zellerbach.
Anthony Rollo, New Orleans, for Marjorie Cherniak.
Before LOTTINGER, EDWARDS, WATKINS, CARTER and LeBLANC, JJ.
EDWARDS, Judge.
The issue in this case is whether landowners in a subdivision subject to a restrictive covenant have a right and cause of action against the timber cutter and the corporation who bought the timber when it was cut down in violation of the covenant. We hold that they do not.

FACTS
Plaintiffs and defendant Marjorie Cherniak are neighboring landowners in the Whispering Pines Subdivision in St. Helena Parish. Their land is subject to a recorded restrictive covenant which stipulates the minimum number of trees per acre to be maintained on each lot. Made defendants were Mrs. Cherniak, the landowner; Lonnie Massey, the timber cutter; and Crown Zellerbach, the timber buyer. Plaintiffs' petition alleges that defendants had actual knowledge of the restrictive covenant, yet cut all of the timber on a portion of Mrs. Cherniak's property in violation of the restrictive covenant.
Massey filed exceptions of no cause and no right of action, Crown Zellerbach moved for summary judgment, and the trial court dismissed plaintiffs' suit against them. Plaintiffs settled with and dismissed Mrs. Cherniak. On appeal, plaintiffs contend that the petition discloses both their right and cause of action against defendants Massey and Crown Zellerbach under four theories: (1) timber trespass, LSA-R.S. 56:1478.1; (2) trespass; (3) conversion; and (4) general delictual liability under art. 2315 of the Civil Code.
Crown Zellerbach's motion for summary judgment was neither supported nor opposed by any documents other than pleadings and briefs, and consequently the case is presented to us as if on an exception of no cause of action. LSA-C.C.P. arts. 966-67; Owens v. Martin, 449 So.2d 448, 450 (La.1984). Our inquiry, then, is whether, taking the factual allegations of the petition as true, plaintiffs have a right and cause of action against defendants. Id.

TIMBER TRESPASS
It is unlawful for "any person to cut, fell, destroy or remove any trees, ... growing or lying on the land of another, without the consent of the owner or legal possessor." LSA-R.S. 56:1478.1 A (emphasis added). A violator is liable in damages "to the owner or legal possessor of the trees." LSA-R.S. 56:1478.1 B. (emphasis added).
The petition states that Mrs. Cherniak sold the timber to Crown Zellerbach. Plaintiffs did not allege that they are owners or legal possessors of the trees, or that the trees were taken without the consent of the owner or legal possessor. Therefore there is no cause of action for timber trespass.

TRESPASS
Trespass, a common law tort actionable under article 2315 of the Civil Code, is "the unlawful physical invasion of the property or possession of another." Versai Management, Inc. v. Monticello Forest Prods. Corp., 479 So.2d 477, 482 (La.App. 1st Cir.1985). "The action for trespass is designed to protect the interest in exclusive possession of the land in its intact physical condition." W. Prosser & W.P. Keeton, The Law of Torts § 13 at 77 (5th ed. 1984) [hereinafter Prosser]. One who is neither an owner nor possessor has no right to sue for trespass upon the property. Id. at 78; 87 C.J.S. Trespass § 21 (1954). Plaintiffs did not allege that they are the owners or possessors of Mrs. Cherniak's property, or that Massey and Crown Zellerbach acted without the consent *864 of the owner. Consequently there is no cause of action in trespass.

CONVERSION
Conversion, likewise actionable under article 2315 of the Civil Code, is "any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time." Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 760 (La. 1985). Conversion is an act in derogation of a plaintiff's possessory rights. Id. As in trespass, the lack of consent by the owner or possessor is a prerequisite. Plaintiffs, not having alleged that they are owners or possessors of the trees, or that the trees were removed without the owner's consent, have no right to sue for their conversion. See Prosser, supra § 15; 89 C.J.S. Conversion § 73.

GENERAL DELICTUAL LIABILITY UNDER ARTICLE 2315
Plaintiffs' allegation in the petition that Mrs. Cherniak violated the restrictive covenant to which her land was subject, thereby causing them damage, clearly states a cause of action against her for damages. See LSA-C.C. art. 781; Queensborough Land Co. v. Cazeaux, 136 La. 724, 737; 67 So. 641, 646 (1915). Yet plaintiffs have chosen to dismiss this claim and proceed only against the cutter and the purchaser of the timber.
The restrictive covenant created a duty on the part of Mrs. Cherniak, as well as future owners of the land, to abide by its terms. It was the breach of that duty, i.e., the duty of each landowner owed to all others in the subdivision to maintain a minimum number of trees, that caused the damages.
We know of no duty to the subdivision landowners that Massey and Crown Zellerbach breached. While the petition does indeed state that plaintiffs' damages were caused by the acts of Massey and Crown Zellerbach, which would bring this case within the broad terms of article 2315 of the Civil Code, the element of fault is missing. Because we can find no duty to plaintiffs that Massey and Crown Zellerbach breached, we cannot find fault, and consequently there is no cause of action. Accordingly the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
WATKINS, J., dissents and assigns reasons.
WATKINS, Judge, dissenting.
I agree with the majority that plaintiffs have not stated a cause of action in trespass, timber trespass, or conversion, but I disagree with their finding that plaintiffs have not stated a cause of action in tort.
Plaintiffs allege that they are the beneficiaries of a recorded restrictive covenant or building restriction; that under the restrictive covenant they are entitled to a minimum number of trees on Mrs. Cherniak's land; and that the defendants were given actual notice of plaintiffs' property rights but proceeded to violate those rights by cutting the trees. These well pleaded facts must be taken as true for the purposes of this exception of no cause of action. Darville v. Texaco, Inc., 447 So.2d 473, 475 (La.1984). The elements of a cause of action under Civil Code articles 2315 and 2316 are fault, causation, and damages, Seals v. Morris, 410 So.2d 715, 718 (La.1982) (on reh'g).
I do not understand the majority's finding that "the element of fault is missing." A legal duty coupled with a breach of that duty is a prerequisite to any determination of fault under articles 2315 and 2316. Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties. Seals v. Morris, 410 So.2d at 718. As a general proposition, defendants had the obligation to conform to the standard of a reasonable man under like circumstances. Id. I believe that, under the circumstances alleged, defendants owed a duty not to unreasonably injure plaintiffs' property rights and defendants breached that duty.
Plaintiffs, the beneficiaries of a restrictive covenant or building restriction, have a *865 limited, but nevertheless protectable, property right. See Comment, Some Observations on Building Restrictions, 41 La.L. Rev. 1201, 1202 (1982), 2 A. Yiannopoulos, Louisiana Civil Law Treatise: Property § 161 at 433 (2d ed. 1980) [hereinafter "Civil Law Property".] Building restrictions are incorporeal immovables and real rights likened to predial servitudes. LSA-C.C. art. 777. As real rights, building restrictions confer on the persons benefitted a direct and immediate authority over the property which is operative against the world. See Civil Law Property, supra § 144 at 385. They may be enforced against any violator by actions for injunction or damages. 4 A. Yiannopoulos, Louisiana Civil Law Treatise: Predial Servitudes § 194 at 509 (1983). See LSA-C.C. art. 777, comment (b); LSA-C.C. art. 779, comment (d); Queensborough Land Co. v. Cazeaux, 136 La. 724, 737, 67 So. 641, 646 (1915).
Here, defendants allegedly knew of plaintiffs' property right. Plaintiffs do not allege that their injury was caused by simple mistake or ignorance. We are not confronted here with mere constructive knowledge of the contents of the public records. The irreversible harm to plaintiffs' rights was foreseeable. The acts alleged were intentional and must have been done with great certainty that irreparable harm would result. Under the circumstances, I believe defendants breached even a slight duty of care. Although defendants were acting under a contract with the landowner, a contract cannot authorize an otherwise wrongful act. Even those under contract must exercise reasonable care. When it becomes apparent that his principal has no right to act, the contractor proceeds, without further investigation, at his own risk.
The majority notes that plaintiffs have dismissed their claim against Mrs. Cherniak. This fact has no bearing on the question of whether these defendants breached an independent duty owed to these plaintiffs. The relative culpability of the defendants and of Mrs. Cherniak should be determined after a trial on the merits.
I respectfully dissent.