814 So.2d 763 (2002)
Harold Fred POWELL, Jr., Plaintiff-Appellant,
v.
Margie Forrest DORRIS and International Paper Company, Defendant-Appellants.
No. 35,510-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2002.
*764 John M. McDonald, Shreveport, for Appellant.
Herschel E. Richard, Jr., John T. Kalmbach, Shreveport, for Appellee, International Paper Co.
Margie Forrest Dorris, J. Philip Goode, In Proper Person, for Margie Forrest Dorris.
Before BROWN, GASKINS, CARAWAY, PEATROSS and DREW, JJ.
DREW, J.
Plaintiff Harold Powell, Jr. appeals from a judgment dismissing all of his claims against International Paper Company ("IP") upon Powell's failure to amend his petition to state a cause of action against IP after the trial court sustained IP's exception of no cause of action. For the following reasons, we reverse and remand.

FACTS
On March 31, 1995, Powell entered into the following agreement with Ms. Margie Forrest Dorris:
RE: Legal Description
¾ of NE of NE, Less 4A sold to Barbara Ann Mills, Desc. in BK 480, Pg 8; Less 1AC to Tim & Brenda Mills, Desc. in Bk. 642, Pg 50
½ of W ½ of NE; NW of SE-9-15-10 LESS 5 Acres owner to keep
Ms. Dorris,
I will pay $40,000.00 for the above described property. In addition, I will pay $1,000.00 down. Buyer will reserve all mineral rights. Owner to finance remaining balance, provide road right-of-way to property, plus buyer and seller to half all survey and legal fees.
(Strikeout in original and initialed by both parties.)
Ms. Dorris signed her name on a blank beneath the sentence "I accept the above offer." The agreement was notarized, although no witnesses signed the agreement. Stamps from the Bienville Parish Clerk of Court show that the Clerk filed the agreement in the conveyance and mortgage records on April 7, 1995.
Thereafter, Ms. Dorris refused to convey the property to Powell. Ms. Dorris returned to Powell the $1,000 down-payment he had tendered. On June 14, 1995, Powell filed suit in Caddo District Court against Ms. Dorris seeking specific performance of their agreement concerning the property. Ms. Dorris answered the lawsuit urging that the agreement was unenforceable because, inter alia, the property description was inadequate. In April of 1996, Powell filed a motion for summary judgment, but the court denied the motion on the grounds that genuine issues of material fact remained unresolved. That lawsuit is still pending.
In July, 1995, IP submitted a bid to Ms. Dorris in the amount of approximately $38,0000 for the timber that stood at least partly on the subject property. On December 8, 1997, IP contracted with Ms. Dorris for the purchase of the timber partly on the subject tract for $78,004. The property description in the timber deed read:
105 A/

*765 W¾ of NE of NE, less 4A sold to Barbara Ann Mills; less 1 Ac. to Tim and Brenda Mills, desc. in Bk. 642, Pg. 50
E ½ of W ½ of NE; NW of SE-9-15-10.
4 A/
A parcel of land in NE of NE-9-15-10, desc. as beg. at the NE cor. of SE of SE-4-15-10, and run S 1 deg. 35 mins. 14 Sec. E 1320 Ft., and N 88 Degs. 41 Mins. 46 Sec. W 600.76 Ft. for Pt. of beg. of Lot herein desc., then S 15 Degs. 11 Mins. 22 Sec. W, 423.50 Ft., then N 88 Degs. 51 Mins. 46 Sec. W 424.12 Ft., then N 15 Degs. 11 Mins. 22 Sec. E. 423.60 Ft. then S 88 Degs. 51 Mins. 46 Sec. E. 424.12 Ft., Cont. 4A.
4-½ A/
S 6a of SE of SE-4-15-10, less 1-½ A beg. at a pt. 315 Yds. W of SE cor. of SE of SE, and from said pt. of beg., run W 105 Yds., N 70 Yds., E 105 Yds., S 70 Yds. to beg.
On April 20, 2000, Powell filed a second lawsuit in Caddo District Court against Ms. Dorris. In addition, Powell sued IP. Powell alleged that in late June, 1999, IP cleared the timber on the property covered by his contract with Ms. Dorris and that IP failed to discover this recorded contract. Powell sought, in addition to actual damages, treble damages and attorney fees under the tree piracy statute, La. R.S. 3:4278.1.
On June 5, 2000, IP filed exceptions of no right of action, no cause of action and prematurity, and Ms. Dorris subsequently filed these same exceptions herself. On June 30, 2000, the trial court sustained the exceptions of no right of action and no cause of action as to both defendants with respect to Powell's claims under La. R.S. 3:4278.1 and allowed Powell ten days to amend his petition. On July 10, 2000, Powell filed an amended petition deleting references to La. R.S. 3:4278.1 but still seeking damages for the loss of the timber, trespass, timber damage, diminution in land value and reconditioning the land.
On August 11, 2000, IP filed an answer to Powell's lawsuit and a cross-claim against Ms. Dorris seeking indemnity. On September 18, 2000, on IP's motion, the district court consolidated Powell's lawsuits.
On December 7, 2000, IP filed second exceptions of no cause of action and no right of action. IP again alleged that Powell was neither the owner nor the legal possessor of the property and thus could not recover trespass damages against IP. On March 1, 2001, the trial court signed a judgment sustaining the exception of no cause of action and allowing Powell 15 days to amend his petition to state a cause of action. Powell did not file an amended petition, and accordingly, on April 19, 2001, the court signed a judgment dismissing with prejudice all of Powell's claims against IP. The court certified this judgment as suitable for immediate appeal under La. C.C.P. art. 1915, and Powell now appeals.

DISCUSSION
Powell argues on this appeal that the trial court erred first in dismissing his tree piracy claims against IP, and then, after he amended his petition, in dismissing all of his claims against IP. Because the trial court's April 19, 2001 judgment dismissed IP as a party to Powell's action, the judgment was suitable for immediate appeal under La. C.C.P. art. 1915(A) without certification under Section (B) of that same article. We observe that Powell did not contemporaneously seek review of the trial court's June 30, 2000 judgment dismissing his claims under La. R.S. 3:4278.1, but we consider that to be of no importance. *766 That judgment at most dismissed one of Powell's theories of recovery and as such was not immediately appealable without certification under La. C.C.P. art. 1915(B). Because the judgment was not so certified and remained interlocutory, Powell is now entitled to review of this judgment.
Powell's tree piracy claim was dismissed on exceptions of no right of action and no cause of action. At this point and for subsequent discussion, we believe it is important to examine the distinction between these two exceptions. In Alexander & Alexander, Inc. v. State Division of Administration, 486 So.2d 95 (La.1986), fn. 2. the supreme court explained:
The exception of no cause of action is, of course, to be distinguished from the exception of no right of action. In Roy O. Martin Lumber Co. v. St. Denis Securities Co., 225 La. 51, 72 So.2d 257 (1954), this Court distinguished the two exceptions as follows:
"Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain this suit, i.e., ... his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; Termini v. McCormick, 208 La. 221, 23 So.2d 52 and Bartholomew v. Impastato, La.App., 12 So.2d 700. The latter is triable entirely on the face of the papers, while evidence may be received under an exception of no right of action for the purpose of showing that plaintiff does not possess the right he claims or that the right does not exist. Soniat v. White, 153 La. 424, 96 So. 19; Schmidt v. Conservative Homestead Association, 181 La. 369, 159 So. 587; Duplain v. Wiltz, supra (La.App., 174 So. 652) and La Casse v. New Orleans, T. & M.R. Co., 135 La. 129, 62[64] So. 1012."
See also Hargroder v. Columbia Gulf Transmission Co., 290 So.2d 874 (La. 1974); Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972); L'Enfant, Civil Procedure, 31 La.L.Rev. 343 (1970-71); McMahon, Civil Procedure, 15 La.L.Rev. 376 (1957-58); McMahon, Civil Procedure, 18 La.L.Rev. 103 (1954-55).
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885.
The exception of no right of action is grounded in La. C.C.P. art. 681, which states:
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.
Where doubt exists regarding the appropriateness of an objection of no right of action, it is to be resolved in favor of the plaintiffs. Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La. 1984).
La. R.S. 3:4278.1 provides, in relevant part:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.
*767 The statute prohibiting the cutting of trees without consent and authorizing treble damages is punitive in nature and must be strictly construed. Sullivan v. Wallace, 33,387 (La.App.2d Cir.8/23/00), 766 So.2d 654, writ denied, 00-2647 (La.11/17/00), 774 So.2d 978.
Powell's first petition clearly stated a cause of action for tree piracy. He alleged that IP, without permission, entered upon the tract in question and cut the timber thereon. However, the substantive question is whether Powell is among the class of persons recognized by the statute-an owner or legal possessor as a person who has a right of action.
We further believe that this question is fundamental to the second judgment that dismissed all of Powell's claims against IP. Powell's remaining claims generally were an action for trespass. Trespass is defined as an unlawful physical invasion of the property or possession of another person. Davis v. Culpepper, 34,736 (La.App.2d Cir.7/11/01), 794 So.2d 68, writ denied, 01-2573 (La.12/14/01), 804 So.2d 646. A trespasser is one who goes upon another's property without his consent. A person damaged by trespass is entitled to full indemnification. Id.
The second judgment dismissed Powell's claims against IP on an exception of no cause of action and did not rule on IP's exception of no right of action. La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
In City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748, the supreme court explained the exception of no cause of action and the appellate review of the decision on such an exception:
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. A court of appeal reviews de novo a lower court's ruling sustaining an exception of no cause of action because the exception raises a question of law and because the lower court's decision is generally based only on the sufficiency of the petition. The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief.
Citations omitted.
Considering the distinction between the exceptions of no cause of action and no right of action, we believe that the trial court erred in granting the exception of no cause of action. Clearly, if Powell was among the class of persons who had a possessory interest in the property, he would have a cause of action for damages in trespass against one who removed timber from the property without the requisite permission required by law. The *768 question is again whether Powell is within the appropriate class of plaintiffs who can bring such an action.
Powell traces his right to the property to his March 1995 purchase agreement with Ms. Dorris. Powell cites Versai Management, Inc. v. Monticello Forest Products Corporation, 479 So.2d 477 (La. App. 1st Cir.1985) for the proposition that his recorded contract to sell affords him a right of action against the third-party purchaser of the timber. In Versai, the owner of two tracts of immovable property entered into an option contract with a buyer giving the buyer twelve months to buy the property at an agreed-upon price. This contract was recorded in the public records of the parish where the property was located. Thereafter, the seller sold the right to cut the standing timber on the property to a third-person and warranted good title to the third-person. Subsequently, the third-person resold the right to the timber to a fourth person. After this resale, the option holder formally exercised the option to purchase the property and the property was conveyed to the option holder. After the option holder became the property owner, the fourth person harvested the timber from the land. The new owner then filed suit against the fourth person.
The trial court held that the recorded option conveyed only a personal right to the option holder and that the sale of timber from the original owner to the third person was valid. The appellate court reversed:
The legal effect of recording an option to purchase immovable property is to give notice to third persons of the agreement and provide protection to the option holder against transactions involving third persons. An acceptance of such an option within the stipulated time is effective against third persons and relates back to the time the option was recorded. The rights of a holder of a recorded option to purchase immovable property cannot be defeated by a subsequent sale of the property to a third person; such a sale is illegal, null and void. La. C.C. art. 2462; La. R.S. 9:2721, 2722 and 2723; La. C.C. art. 2266, redesignated La. R.S. 9:2756 by Acts 1984, No. 331, § 5, effective January 1, 1985; Watson v. Bethany, 209 La. 989, 26 So.2d 12 (1946); Price v. Town of Ruston, 171 La. 985, 132 So. 653 (1931); Kinberger v. Drouet, 149 La. 986, 90 So. 367 (1922); E. Abell, Real Rights in Louisiana, 21 La.L.Rev. 462 (1961); A. Yiannopoulos, 2 Louisiana Civil Law Treatise Property § 167, pp. 455-456 (1980); S. Litvinoff, 7 Louisiana Civil Law Treatise Obligations § 108 pp. 198-200 (1975).
Standing timber is a component part of the tract of land on which it is located. La. C.C. art. 463. Pope did not reserve timber rights in the option agreement or in the sale and mortgage. La. C.C. art. 464. Therefore, the option agreement included the timber with the land. The purported timber sales by Pope and Stringer in the face of Versai's recorded option are illegal, null and void. When Versai exercised its option right to purchase, it acquired ownership of the timber.
Versai, 479 So.2d at 481.
We observe that subsequent to Versai, the legislature enacted La. C.C. art. 2629, which provides, in part:
An option, right of first refusal, or contract to sell that involves immovable property is effective against third persons only from the time the instrument that contains it is filed for registry in the parish where the immovable is located.
Revision comment (a) states:
This Article is new. It does not change the law, however. It gives legislative *769 formulation to a principle established by Louisiana jurisprudence. Versai Management, Inc. v. Monticello Forest Products, Corp., 479 So.2d 477 (La.App. 1st Cir.1985).
Although IP attempts to distinguish Versai on the grounds that the option holder was actually the owner of the property at the time the fourth person harvested the timber, we do not believe that this distinction is significant. As the Versai court noted, "a third person cannot preclude the holder of a recorded option on immovable property from acquiring ownership pursuant to the terms of the option agreement." Versai, 479 So.2d at 482.
Having decided that Powell may be a person entitled to bring an action under the timber piracy statute as well as under the general law of trespass, we conclude that the ultimate decision regarding Powell's right of action against IP hinges in part upon the contractual efficacy of the recorded purchase agreementa matter that is still the subject of litigation in the undecided consolidated case. Of course, even if the purchase agreement is ultimately found to be enforceable against Ms. Dorris, IP's liability to Powell additionally depends on whether IP had actual or constructive notice of the recorded contract to sell. In general, a third party dealing with property is charged with knowledge revealed by recorded instruments affecting property; it is also the law that parties have constructive notice of the existence and contents of a recorded instrument affecting immovable property. Ridgedell v. Succession of Kuyrkendall, 98-1224 (La. App. 1st Cir.5/19/99), 740 So.2d 173.
We observe that the property description in the disputed contract to sell is reproduced almost verbatim in the timber deed:
 Disputed Contract to Sell
 ¾ of NE of NE, Less 4A sold to
 Barbara Ann Mills, Desc. in BK
 480, Pg 8; Less 1AC to Tim &
 Brenda Mills, Desc. in Bk. 642, Pg
 50
 ½ of W ½ of NE; NW of SE-9-15-10
 LESS 5 Acres owner to keep
 Timber Deed
 105 A/
 W¾ of NE of NE, less 4A sold to
 Barbara Ann Mills, less 1 Ac. to
 Tim and Brenda Mills, desc. in Bk.
 642, Pg. 50
 E ½ of W ½ of NE; NW of SE-9-15-10.
Although the contract to sell does not include the parish in which the property is located as well as an East and West designation in the fractional sections, both property descriptions contain the same Section-Township-Range numbers and mention the conveyance to Barbara Mills and the conveyance to Tim and Brenda Mills as described in Book 642, Page 50. The correct parcel of property is certainly ascertainable. Accordingly, it is necessary to reverse the decision of the trial court dismissing Powell's claims against IP and remand this matter to the trial court where the question of the contractual and notice efficacy of the purchase agreement may finally be decided.
For the above reasons, the judgment of the district court is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed to International Paper Company.

DECREE
At the cost of International Paper Company, the judgment is REVERSED and the matter is REMANDED to the district court for further proceedings.
*770 CARAWAY, J., concurs with written reasons.
PEATROSS, J., dissents with written reasons.
CARAWAY, J., concurring.
I concur with the majority's opinion but would add the following support to the ruling.
Despite the weaknesses in the substantive language of the alleged contract to sell and its property description, the jurisprudence supports the view that a third party purchaser relying on the public records must take note of this contract. Noel v. Discus Oil Corp., 30,561 (La.App.2d Cir.5/13/98), 714 So.2d 105; Rudman v. Dupuis, 206 La. 1061, 20 So.2d 363 (1944). Certainly, the parties to this disputed contract affecting immovable property can determine through extrinsic evidence whether Ms. Dorris intended to make an offer to sell and whether either all or a portion of her lands in the Northeast Quarter of Section 9 was affected. In this instance, the parties' inarticulation and ambiguity do not render the recorded instrument so nondescript that a third party purchaser cannot ascertain from the public records that Ms. Dorris's land may be subject to a sale. Such a third party purchaser would therefore be subject to the resolution of the dispute between the parties to the recorded contract. Also, as with any setting involving a recorded executory contract to sell, when the deed has not been recorded, the third party purchaser must look outside of the public records to determine the status of that contract. This brings me to the main reason why I add this concurrence.
The nature of the right which Powell seeks to enforce in his action against IP is addressed by implication in Civil Code Article 2629. The article provides that the contract to sell is effective against third persons from the time it is filed for registry. The "third person" referenced in the article is a party, such as IP, who might otherwise acquire ownership of the immovable were it not for the owner's recorded obligation to sell. Therefore, Article 2629 indicates that from the time of recordation of the contract to sell, IP became affected by or subject to the ownership right that Powell may ultimately acquire. Ownership under Civil Code Article 476 is a real right. While Powell's right to ownership of the property was executory when the contract to sell was recorded, IP, as Dorris's transferee of the timber rights, was nevertheless subject to a real obligation arising from Powell's potential right to ownership. See, La. C.C. arts. 1763 and 1764. This is why the jurisprudence holds that an action for specific performance of a contract to sell affecting an immovable is a real action. State ex rel. Hyams' Heirs v. Grace, 197 La. 428, 1 So.2d 683 (1941); Monroe Real Estate & Dev. Co. v. Sunshine Equip. Co., 35,555 (La.App.2d Cir.1/23/02), 805 So.2d 1200.
Nevertheless, despite Powell's recordation of his contract, his claim for ownership of the standing timber was defeated by IP's harvest of the timber. Therefore, since Powell's claim regarding the timber is for money damages only and not ownership of an immovable, IP asserts that Powell's claim must be limited to a personal action against Dorris for damages arising from her breach of warranty.
To limit Powell's remedy solely to a personal action against Dorris would, however, diminish the thrust of Article 2629's protection of Powell's right against third parties and make that protection less than "effective" upon recordation. The effectiveness of that right after recordation means that Powell could bring an action to have a subsequently recorded sale of the land or timber erased from the public records *771 even before he is deeded the property. The effectiveness of that right after recordation means that Powell could enjoin the holder of a subsequently recorded timber deed from cutting the timber and that such an injunction could be ordered to protect Powell's potentiality for ownership even prior to his acquisition of ownership through a deed. See, Monroe Real Estate & Dev. Co., supra. Likewise, if Powell's right to own the timber is destroyed after recordation of the contract to sell, the effectiveness of his right against the third party should allow for this cause of action in the nature of a trespass action for restitution of the value of the destroyed immovable. The third party, like IP, is bound in every instance by what is recorded because a real obligation is imposed. Even though the purchaser under the recorded contract to sell is not yet the owner, the Civil Code treats his right to acquire ownership as a provisional real right "effective against third persons" as though he is the owner from the date of recordation of the contract.
PEATROSS, J., dissenting.
I respectfully dissent. The judgment from which Powell appeals is the April 19, 2001 judgment dismissing with prejudice all of Powell's claims against IP on its finding that Powell failed to state a cause of action in his petition. The majority states that "Powell's first petition clearly stated a cause of action for tree piracy." I disagree. Later, regarding the trespass claim, the majority adds that "if Powell was among the class of persons who had a possessory interest in the property, he would have a cause of action for damages in trespass...." (Emphasis mine.) Ruling on an exception of no cause of action, however, does not include speculation as to whether a cause of action would exist "if" certain facts are determined to be true. I believe that a review of the four corners of Powell's petitions (the original and amended petitions) clearly reveals that the petitions are deficient and do not state a cause of action; and, therefore, I would affirm the judgment of the trial court.
Powell's original petition sought damages under La. R.S. 3:4278.1, the tree piracy statute, and for loss of the timber, trespass, timber damage, diminution of value and reconditioning the land. As noted by the majority, the tree piracy statute states that it is unlawful for "any person to cut, fell, destroy, remove, or divert for sale or use, any trees, ... growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor ...." (Emphasis mine.) La. R.S. 3:4278.1. A violator is liable in damages "to the owner or legal possessor of the trees." (Emphasis mine.)
Powell's original petition does not allege that he is either the owner or legal possessor of the property. In fact, it admits that Powell is neither the owner or legal possessor by alleging that he was the prospective purchaser of the property pursuant to an "Offer and Agreement to Purchase," which sale was never confected. There is, therefore, no cause of action stated for tree piracy. See LaRue v. Crown Zellerbach Corporation, 512 So.2d 862 (La. App. 1st Cir.1987), writ denied, 514 So.2d 1176 (La.1987), wherein the court held that a petition which contained no allegation of ownership or legal possession and no allegation that the trees were taken without the consent of the legal owner or possessor failed to state a cause of action under the tree piracy statute.[1] Likewise, the LaRue *772 court found that the plaintiff's petition also failed to state a cause of action in tort for timber trespass, stating:
Trespass, a common law tort actionable under article 2315 of the Civil Code, is "the unlawful physical invasion of the property or possession of another." Versai Management, Inc. v. Monticello Forest Prods. Corp., 479 So.2d 477, 482 (La.App. 1st Cir.1985). "The action for trespass is designed to protect the interest in exclusive possession of the land in its intact physical condition." W. Prosser & W.P. Keeton, The Law of Torts § 13 at 77 (5th ed.1984) [hereinafter Prosser]. One who is neither an owner nor possessor has no right to sue for trespass upon the property. Id. at 78; 87 C.J.S. Trespass § 21(1954). Plaintiffs did not allege that they are the owners or possessors of Mrs. Cherniak's property, or that Massey and Crown Zellerbach acted without the consent of the owner. Consequently there is no cause of action in trespass. (Emphasis mine.)
Again, Powell's second amended petition contained no allegations that he was the owner or legal possessor of the property; therefore, it failed to state a cause of action in trespass.
While I do not believe it necessary to address the issue of no right of action in this case, in response to the majority's discussion of the same, I believe it pertinent to point out that the LaRue court cited Versai Management, Inc. v. Monticello Forest Prods. Corp., 479 So.2d 477 (La.App. 1st Cir.1985), the case on which the majority relies for the conclusion that "Powell may be a person entitled to bring an action under the timber piracy statute as well as under the general law of trespass." (Emphasis mine.) The majority also cites La. C.C. art. 2629, enacted after the Versai decision, in support of Powell's possible right of action against IP. Article 2629 provides for notice to third parties of a recorded option or contract to sell, such as the one in the case sub judice. The critical fact in Versai, in my opinion, is that, at the time Versai filed suit against the third-party timber purchaser, he had already exercised his option to purchase the land and ownership of the property had been transferred to Versai. See Versai, supra, at 479. The majority mentions these facts, but finds the distinction not to be significant. Again, I disagree. The facts in Versai are clear that the option holder was the legal owner of the property when the suit was filed and the comments to article 2629 clearly state that the article did not change the law as set forth in Versai. I agree with Appellee that the law after Versai and article 2629 is that, "once confected, a sale is effective against third parties from the date of the recordation" of the option or contract to sell.[2]
In addition, Professor Yiannopoulos explains:
A promise to sell, or an option to buy, should not be regarded as a real right by a stretch of analysis. This transaction, *773 if recorded, merely confers a right on the prospective purchaser to perfect the sale as of the time of recordation in case interests of third parties are involved. A contract to sell does not transfer ownership, does not give the grantee a right of possession unless it specifically so provides and the rights of a holder of a recorded option to purchase immovable property cannot be defeated by a subsequent sale of the property to a third person. [Fn. 8 citing Versai, supra] ... As between the parties, ownership is deemed transferred from the time of the sale, but this ownership may be asserted against third parties only from the time of recordation. The specific performance which the purchaser claims, and is entitled to, under Article 2623 of the Louisiana Civil Code is an enforcement of his right of ownership. The so-called real right of the purchaser, therefore, is ownership.
Yiannopoulos, Louisiana Civil Law Treatise Property (4th Ed. West 2001, Sec. 235 (Footnotes omitted.)) I am in agreement with Appellee's interpretation of the above quote of Professor Yiannopoulos. That is, there is "no cause of action in favor of a prospective purchaser, like Powell, against an unconfected purchase agreement." In the case sub judice, Powell may have had a cause and/or right of action against IP, but only after he performed his obligation under the purchase agreement and ownership of the property was transferred to him. At that point, under article 2629, Powell's rights would have been effective against IP from the date of recordation of the agreement.
NOTES
[1] The LaRue court was applying La. R.S. 56:1478.1, the former version of La. R.S. 3:4278.1, which, for purposes of this issue, was substantially the same as the current version of the tree piracy statute.
[2] If this is not the case, query the result in a situation where a prospective purchaser in an agreement to buy and sell is successful in a suit for damages against a third-party purchaser of timber on the land subject to the agreement; but the prospective purchaser breaches the agreement and, therefore, never becomes the owner of the damaged property. In such a situation, what becomes of the damage award which was awarded to a party who does not own the property that sustained the damage? The case of an option holder is even clearer. Suppose the option holder elects not to exercise the option and does not become the owner of the property. In such case, the option holder would remain the holder of a judgment in its favor for damages to property it does not, and will not, ever own.