728 So.2d 1252 (1999)
Sidney A. BRINKER, et al.
v.
JUNCTION CITY WOOD COMPANY, INC.
No. 96-CA-2896.
Supreme Court of Louisiana.
January 20, 1999.
Harold Wayne Aswell, Cusimano & Aswell, Farmerville, Counsel for Applicant.
Hubert Russell Davis, Goff, Caskey, Davis & Fallin, Arcadia, Counsel for Respondent.
JOHNSON, Justice.[*]
The trial court declared La.Rev.Stat. Ann. 3:4278.2 unconstitutional as applied to the plaintiffs in these proceedings, triggering the right to a direct appeal pursuant to La. Const. art. V, § 5(D). Defendants appealed to the Second Circuit Court of Appeal and the case was transferred to this court due to lack of subject matter jurisdiction to hear the issue of constitutionality. Finding the trial court prematurely ruled on the constitutionality of La.Rev.Stat. Ann. 3:4278.2, we vacate the trial court's declaration of unconstitutionality and remand.

FACTS AND PROCEDURAL HISTORY
On June 7, 1926, Harvey Alderson purchased a 210 acre tract of land ("Alderson Tract") in Claiborne Parish. Alderson died testate and bequeathed to his ten children the entire Alderson Tract. On September 23, 1993, Michael Alderson, one of Harvey Alderson's ten children, sold his undivided interest in the tract to plaintiffs, Sidney Brinker, Eugenia Brinker, Marion White, Ray Wilkins and Patricia Wilkins. The tract of land sold by Michael Alderson represented five percent (5%) of the total acreage of the Alderson Tract.
On August 19, 1994, defendant, Junction City Wood Company, Inc., purchased the right to cut timber on the remaining ninety-five percent (95%) of the land from the other Alderson heirs. By letter dated, August 19, 1994, defendant notified plaintiffs of its intent to remove the timber from the Alderson Tract and escrow the money due to them.
*1253 On November 29, 1994, defendant began cutting and removing timber from the property. Plaintiffs requested that defendant cease cutting operations, but defendant refused. Defendant maintained that it owned more than eighty percent of the timber rights, had notified plaintiffs of its intent to commence cutting operations, and set up a plan in order to escrow any funds for any nonconsenting landowners. By satisfying these requirements, defendant contended it was entitled to cut the timber pursuant to La.Rev.Stat. Ann. 3:4278.2, which provides:
A. A co-owner or co-heir of land may execute an act of timber sale whereby he sells his undivided interest in the timber, and any condition imposing a time period within which to remove the timber shall commence from the date of its execution.
B. A buyer who purchases the timber from a co-owner or co-heir of land may not remove the timber without the consent of the co-owners or co-heirs representing at least eighty percent of the ownership interest in the land, provided that he has made reasonable effort to contact the co-owners or co-heirs who have not consented and, if contacted, has offered to contract with them on substantially the same basis that he has contracted with the other co-owners or co-heirs.
C. A co-owner or co-heir of the land who does not consent to the exercise of such rights has no liability for the cost of timber operations resulting from the sale of the timber, and shall receive from the buyer the same price which the buyer paid to the other co-owners or co-heirs. The consenting co-owners or co-heirs shall agree to indemnify and hold harmless the nonconsenting co-owners or co-heirs for any damage or injury claims which may result from such operations.
D. If the nonconsenting co-owner or co-heir fails or refuses to claim his portion of the sale price of the timber, the buyer shall be obligated to hold such funds in escrow, for and on behalf of such nonconsenting co-owners or co-heir and any interest or other income earned by such funds in escrow shall inure to the benefit of the co-owner or co-heir for whom they are held.
E. Failure to comply with the provisions of this Section shall constitute prima facie evidence of the intent to commit theft of the timber by such buyer.
Thereafter, plaintiffs filed a petition for an injunction and a declaratory judgment seeking to have La.Rev.Stat. Ann. 3:4278.2 declared unconstitutional. Plaintiffs argued that the statute was poorly drafted, vague, ambiguous, does not provide a procedure for a hearing, and violates the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Louisiana Constitution. They further argued that the statute does not adequately protect the property rights of the co-owners or co-heirs of timber interest.
The trial court issued a temporary restraining order and ultimately granted a preliminary injunction, finding defendant's cutting operations caused irreparable harm to the plaintiffs. Furthermore, the court noted that La.Rev.Stat. Ann. 3:4278.2(C) requires a written indemnity agreement before timber operations could commence and that there had been no showing of an express written agreement to so indemnify and hold harmless the nonconsenting plaintiffs. Therefore, the defendant had not strictly complied with the provisions of La.Rev.Stat. Ann. 3:4278.2.
A hearing was held on the merits of granting a permanent injunction and the constitutionality of the statute. The court determined that the statute is unconstitutional as applied to these nonconsenting owners; first, because the nonconsenting owners were not offered the same price that was offered to the consenting owners; second, because the price offered had no relationship to the market value of the product; and third, because the defendant offered no proof that the consenting owners agreed to indemnify the nonconsenting owners for any damage or injury claims which may result from the timber operations. Based upon these findings, the jurisprudential rule that the cutting of timber is in and of itself irreparable injury, and the provision in La.Rev.Stat. Ann. 3:4278.2(E) that failure to comply with the statute is prima facie evidence of the intent to commit timber theft, the Court found this to be an appropriate matter for permanent injunction. *1254 The trial court permanently enjoined the defendant from removing timber from the Alderson Tract and further declared La.Rev. Stat. Ann. 3:4278.2 unconstitutional.

DISCUSSION
La. Const. Art. V, Sec. 5(D) provides that a case shall be appealable to the supreme court when a law or ordinance has been declared unconstitutional. A court should not reach or determine constitutional issues unless, in the context of a particular case, the resolution of such issues is necessary to decide the case. Cameron Parish School Bd. v. ACandS, Inc., 96-0895 p. 5 (La.1/14/97), 687 So.2d 84, 87. It is a long standing judicial principle that courts will not consider constitutional challenges unless necessary to the resolution of a dispute. See Rhodes v. State, DOTD, 95-1848 p. 5-6 (La.5/21/96), 674 So.2d 239, 242; White v. West Carroll Hosp., Inc., 613 So.2d 150, 157 (La.1992); Benson & Gold Chevrolet Inc. v. La. Motor Vehicle Commission, 403 So.2d 13, 23 (La.1981); Orleans Parish School Bd. v. Williams, 312 So.2d 647 (1975); Aucoin v. Dunn, 255 La. 823, 233 So.2d 530 (1970); Doss v. Board of Commissioners of Mermentau Levee District, 117 La. 450, 41 So. 720 (1906); Parish of St. Landry v. Stout, 32 La. Ann. 1278 (1880). Hence, courts should avoid constitutional rulings when the case can be disposed of on the basis of nonconstitutional issues. Louisiana Associated General Contractors, Inc. v. New Orleans Aviation Board, 97-0752 p. 5 (La.10/31/97), 701 So.2d 130, 132; Blanchard v. State, 96-0053 p. 2 (La.5/21/96), 673 So.2d 1000, 1002.
The trial court determined that the defendant had not complied with the statutory provisions of La.Rev.Stat. Ann. 3:4278.2. The court found that the nonconsenting owners were not offered the same price as the consenting owners and no proof of an agreement by the consenting owners to indemnify the nonconsenting owners was provided. Accordingly, the defendant had no right to proceed with timber operations on the Alderson Tract pursuant to La.Rev.Stat. Ann. 3:4278.2. Thus, the matter was resolved on the basis of nonconstitutional issues. It is clear that the constitutionality of La.Rev.Stat. Ann. 3:4278.2 was not essential to the trial court's decision. Since a court should not pass on a statute's constitutionality unless it is essential to a case's decision, the trial court should have declined to rule on the constitutionality of La.Rev.Stat. Ann. 3:4278.2.
For the foregoing reasons, we vacate the trial court's declaration that La.Rev.Stat. Ann. 3:4278.2 is unconstitutional, and remand the case to the Court of Appeal for consideration of the other assignments of error.
VACATED IN PART AND REMANDED.
NOTES
[*] Victory, J., not on panel. See Rule IV, Part 2, § 3.