766 So.2d 654 (2000)
Janice S. SULLIVAN, Plaintiff-Appellant,
v.
Priscilla WALLACE, et al., Defendants-Appellees.
No. 33,387-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2000.
Writ Denied November 17, 2000.
*656 J. Craig Jones, Craig R. Hill, Oakdale, Counsel for Appellant.
Charles E. Weaver, Counsel for Appellee, Priscilla Wallace.
James L. Fortson, Jr., Shreveport, Counsel for Appellee, Bruce W. Sullivan.
Daniel W. Newell, Claiborne, Counsel for Appellee, Eddie R. Harmon.
M. Shane Craighead, Daniel W. Newell, Homer, Counsel for Appellee, Harmon Wood Co., Inc.
Paul D. Spillers, Monroe, Counsel for Appellee, Northeast Louisiana Forest Landowners Association.
Robert A. Mahtook, Jr., Counsel for Appellee, Scottsdale Insurance Co.
Otho L. Waltman, Jr., Ruston, Counsel for Appellee, Willamette Industries, Inc.
Before WILLIAMS, KOSTELKA and DREW, JJ.
WILLIAMS, Judge.
The plaintiff, Janice Sullivan, appeals a partial summary judgment rendered in favor of the defendants, Harmon Wood Company, Inc. ("Harmon Wood"), and Eddie R. Harmon ("Harmon"), the president of the corporation. The district court dismissed the plaintiff's claims for trespass, negligence *657 and statutory treble damages against Harmon Wood, and all claims against Harmon individually. For the following reasons, we affirm in part, reverse in part and remand.

FACTS
During their marriage, Janice and Bruce Sullivan purchased a 120-acre tract of wooded land located in Claiborne Parish, Louisiana. After their divorce in 1991, the couple retained co-ownership in indivision of this land during a dispute concerning the partition of community property. Bruce Sullivan later bought a parcel of adjacent land as his separate property, where he resided.
In 1994, Mr. Sullivan contacted Eddie Harmon, an officer of Harmon Wood, who agreed to purchase and remove previously cut logs from the Sullivan tract. Harmon did not question Mr. Sullivan about other possible owners of the land from which the logs would be removed, and did not inspect the public records to determine the ownership of the property. At various locations around the 120-acre tract, signs were posted with the printed words "Tree Farm" and the name "Bruce Sullivan."
During the period from February 1994 to March 1995, Harmon Wood removed logs from the Sullivan tract. At the direction of Bruce Sullivan, Harmon Wood issued a series of checks in the total amount of $29,901 to Priscilla Wallace as payment for timber removed from the 120-acre tract. Harmon Wood also paid Bruce Sullivan $33,364 for logs removed. However, Janice Sullivan did not receive any payments for the wood taken from the co-owned land.
In March 1995, Janice Sullivan visited the property and discovered that timber had been cut and removed without her knowledge. Mrs. Sullivan contacted Harmon, informed him that the land was the subject of litigation, demanded that Harmon Wood stop removing timber from the Sullivan land and requested information about the transaction. In response, Harmon Wood ceased the removal of logs from the 120-acre tract and identified those who were paid for the timber.
Subsequently, the plaintiff, Janice Sullivan, filed a petition for damages against the defendants, Harmon Wood, Eddie Harmon, Bruce Sullivan and Priscilla Wallace. The plaintiff alleged that Harmon Wood and Eddie Harmon, individually were liable for trespass, conversion, negligence and statutory treble damages. The defendants, Harmon Wood and Eddie Harmon, filed a motion for partial summary judgment seeking dismissal of the trespass, negligence and treble damage claims against Harmon Wood and dismissal of all claims against Eddie Harmon individually.
Following a hearing, the district court granted partial summary judgment in favor of Harmon Wood, and dismissed all claims against Eddie Harmon. This court dismissed the plaintiff's initial appeal after the district judge failed to give reasons as to why the partial judgment should be immediately appealed pursuant to LSA-C.C.P. art. 1915. Sullivan v. Wallace, 31,908-CA (La.App.2d Cir.11/12/98). Thereafter, the district court certified the judgment as final for purposes of immediate appeal. The plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the district court erred in granting partial summary judgment dismissing her trespass and negligence claims against Harmon Wood. Plaintiff argues that issues of material fact remain unresolved.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the movant will not bear the burden of proof at *658 trial on the matter, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.

Individual Liability of Eddie Harmon
The plaintiff contends the district court erred in dismissing all claims against Eddie Harmon individually. Plaintiff argues that summary judgment was not appropriate because Harmon failed to maintain a separate legal identity apart from that of the corporation.
Corporations are distinct legal entities separate from the individuals who comprise them, and shareholders are generally not liable for the debts of the corporation. Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164 (La.1991). In a few limited situations, a litigant can reach a shareholder by "piercing the corporate veil," rendering the individual liable for the corporation's obligations. If the plaintiff does not allege shareholder fraud, she bears a heavy burden of proving that the requisite corporate formalities have been disregarded to such an extent that the corporation ceases to be distinguishable from its shareholders. Riggins, supra.
In the present case, the evidence shows that Eddie Harmon is an officer and shareholder of Harmon Wood, a corporation licensed to do business in Louisiana. The plaintiff has not alleged that Eddie Harmon committed fraud, personally trespassed or physically removed timber. Nor has the plaintiff produced any factual support to establish that she will be able to satisfy her evidentiary burden of proving at trial that Harmon failed to follow the statutory requirements for transacting corporate affairs, such as maintaining corporate bank accounts and filing corporate tax returns. To the contrary, the evidence shows that the corporation issued checks to pay for the logs removed and prepared corporate tax disclosure forms. Based upon this record, the district court could reasonably find that at all relevant times, Eddie Harmon acted to preserve the separate identity of the corporate entity. Consequently, we cannot say the district court erred in granting summary judgment dismissing plaintiffs claims against Eddie Harmon individually. The assignment of error lacks merit.

Trespass
Trespass is defined as an unlawful physical invasion of the property of another. A "trespasser" is one who goes upon another's property without the other's consent. Britt Builders Inc. v. Brister, 618 So.2d 899 (La.App. 1st Cir.1993).
In the present case, the evidence established that the plaintiff is an equal co-owner of the 120-acre Sullivan tract and that Harmon Wood, through its agents, entered onto the land and removed timber without the plaintiffs knowledge or consent. Thus, plaintiff produced sufficient facts to support a finding that Harmon Wood committed a trespass against her ownership interest.
Despite this evidence, Harmon Wood contends that it is not liable for trespass because it entered the land with the permission of the co-owner, Bruce Sullivan. However, the legal authority presented by Harmon Wood does not support the position that it may avoid liability for trespass against the plaintiffs ownership interest by obtaining the co-owner's permission to enter the land. To the contrary, in a prior case the Louisiana Supreme Court found that when a lumber company, with an ownership interest, removed trees from land based on an agreement with one co-owner, but without the consent of other co-owners, that company did not have the right to enter upon the land and was a trespasser with respect to the other co-owners. *659 See Breaux v. Albert Hanson Lumber Co., 125 La. 421, 51 So. 444 (1910).
Harmon Wood next argues that it was authorized to enter the Sullivan tract on the basis of LSA-C.C. art. 802, which provides that "a co-owner is entitled to use the thing held in indivision according to its destination, but he cannot prevent another co-owner from making such use of it." Apparently, Harmon Wood's position is that its acts of driving trucks and equipment onto the Sullivan tract were incidental to Bruce Sullivan's proper use of the land for timber cutting.
However, we note that Article 802 expressly prohibits a co-owner from preventing another co-owner from using the land in a manner consistent with its destination, or purpose. Under the circumstances of the present case, there is a factual issue as to whether Bruce Sullivan's act of cutting and having timber removed from the tract prevented plaintiffs equal right to make such use of the land owned in indivision. If plaintiffs right to use the land was thus prevented, then Harmon Wood's entry on the 120-acre tract could not be considered incidental to a co-owner's proper use of the land. Consequently, there remains a material factual issue concerning Harmon Wood's authority to enter the land.
In light of the evidence in the record, we conclude that Harmon Wood failed to satisfy its burden of establishing the absence of a genuine issue of material fact with respect to plaintiffs claim of trespass. Therefore, the district court erred in granting summary judgment on that issue.

Negligence
The plaintiff contends the district court erred in dismissing her negligence claim against Harmon Wood. To maintain a negligence cause of action, the plaintiff must prove that the defendant owed her a duty of care, that the duty was breached, that the conduct was a cause of the resulting harm, and that the risk of harm was within the scope of protection afforded by the duty. Mundy v. Department of Health & Human Resources, 620 So.2d 811 (La.1993).
Harmon Wood contends that it did not owe plaintiff a duty to inspect the public records to determine ownership of the Sullivan tract. The evidence shows that Harmon Wood voluntarily acted to remove property from land co-owned by the plaintiff. Thus, Harmon Wood owed plaintiff a duty of reasonable care in taking the logs from her property. There is also a question of fact as to whether Harmon Wood acted reasonably under the circumstances when it failed to inspect the public records to determine ownership of the land and failed to ask Bruce Sullivan about the existence of another owner of the property.
Harmon Wood also contends that it did not cause any of the damage that may have resulted from the cutting of timber. However, there is a question of fact concerning whether Harmon Wood's trucks and equipment caused damage to the land during its removal of the logs from the co-owned property. Based on the evidence in the record, the district court erred in granting summary judgment in favor of Harmon Wood, which failed to establish the absence of a genuine issue of material fact concerning the plaintiffs negligence claim.

Treble Damage Claim
In two assignments of error, the plaintiff contends the district court erred in granting summary judgment dismissing her claims under LSA-R.S. 3:4278.1 and 3:4278.2. The plaintiff argues that these statues are applicable to the present case and required Harmon Wood to identify and give notice to her before removing any timber from the co-owned land.
LSA-R.S. 3:4278.2(A) provides that a co-owner of land may execute an act of timber sale whereby he sells "his undivided interest" in the timber. The buyer of timber from a co-owner may not remove the timber without the consent of the co-owners *660 representing at least 80% of the ownership interest in the land. LSA-R.S. 3:4278.2(B).
The plaintiff cites Brinker v. Junction City Wood Co., Inc., 96-2896 (La.1/20/99), 728 So.2d 1252, to support her argument that Section 4278.2 is applicable. However, the factual situation in Brinker can be distinguished from that of the present case. In Brinker, co-owners of land sold their undivided interest in the standing timber to the wood company, which sought to cut the timber without the consent of the remaining co-owner. Here, in contrast, the evidence shows that although Bruce Sullivan agreed to sell logs cut from the co-owned land, he did not convey by timber sale his undivided interest in the timber growing on the land to Harmon Wood. Thus, the provisions of LSA-R.S. 3:4278.2 are not applicable to the present situation. The plaintiff's argument lacks merit.
The plaintiff next contends that the statute's use of the term "the owner" required Harmon Wood to obtain her consent as co-owner of the land before removing the logs from the Sullivan tract. LSA-R.S. 3:4278.1 provides in pertinent part:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or ... use any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.
* * *
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.
The statute prohibiting the cutting of trees without consent and authorizing treble damages is punitive in nature and must be strictly construed. Haworth v. L'Hoste, 95-0714 (La.App. 4th Cir. 11/30/95), 664 So.2d 1335, writ denied, 96-0408 (La.3/29/96), 670 So.2d 1235.
In the present case, the district court found that because Harmon Wood reached an agreement with one of the co-owners of the land, and because Bruce Sullivan held himself out as the full owner of the logs at issue, the company acted in good faith and was not liable for treble damages under the statute. Harmon Wood contends the court was correct in construing the statutory term "the owner" to mean "an owner," or fewer than all of the owners, citing Morgan v. Fuller, 441 So.2d 290 (La.App. 2d Cir.1983), to support its position.
However, the Morgan case did not involve a co-ownership situation, but a dispute between two owners of separate tracts of land concerning a 3.5 acre parcel, which was included in the description of each owner's deed. In Morgan, this court's reference to the "purported" owner referred to a person claiming under his separate deed, and not to a person such as Bruce Sullivan, who represented himself as the owner of land to the exclusion of his co-owner. Thus, contrary to Harmon Wood's contention, the Morgan case cannot reasonably support the position that the term "the owner" as used in the statute should be construed to mean an owner.
If such an interpretation had been intended, the Legislature could easily have provided that the consent of any co-owner would be sufficient, but chose not to do so. After considering the language employed by the Legislature, we conclude that the most reasonable interpretation of Section 4278.1 requires a person to obtain the consent of all owners prior to removing trees from the land.
*661 Harmon Wood contends that even if it acted without the consent of all the landowners, it is not liable for treble damages because it acted in accordance with a legal contract as provided by Section 4278.1(A). However, the excerpts of affidavit and deposition testimony contained in the record fail to set forth the particular provisions of the parties' verbal agreement, such as the total amount of logs to be removed, the specific price to be paid per unit of timber, or whether the payments to Wallace were part of the agreement. Based upon this record, we conclude that a genuine issue of material fact exists as to whether the verbal agreement relied upon by Harmon Wood contained sufficiently "specific terms" to exempt it from liability pursuant to LSA-R.S. 3:4278.1(A).
The plaintiff also contends the district court erred in finding that Harmon Wood acted in good faith. Generally, a determination of good faith requires an evaluation of witness credibility that is not available on summary judgment. Even if we were to accept the proposition that Harmon Wood acted in good faith, that finding alone does not relieve the defendant of liability under R.S. 3:4278.1(C), which provides that even one who violates Section 4278.1(A) in good faith shall be liable to the owner of the trees for treble damages if circumstances show that he "should have been aware" that his actions were without the owner's consent.
Based upon the evidence presented, a genuine issue of material fact exists as to whether Harmon Wood should have known from the surrounding circumstances that its removal of trees from the co-owned land was without the plaintiff's consent. After reviewing the record, we must conclude the district court erred in granting summary judgment dismissing the plaintiff's claim for treble damages pursuant to LSA-R.S. 3:4278.1.

CONCLUSION
For the foregoing reasons, that part of the district court's judgment granting summary judgment and dismissing the plaintiff's claims against Eddie R. Harmon individually, is affirmed. That part of the judgment granting the motion for partial summary judgment and dismissing plaintiff's claims for trespass, negligence and treble damages against Harmon Wood is reversed, and this case is remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal are assessed to the appellee, Harmon Wood Company, Inc.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.