859 So.2d 245 (2003)
Janice SULLIVAN, Plaintiff-Appellant,
v.
Priscilla WALLACE, et al., Defendant-Appellee.
No. 37,399-CA.
Court of Appeal of Louisiana, Second Circuit.
October 20, 2003.
*246 J. Craig Jones, Craig R. Hill, Oakdale, for Appellant.
Charles E. Weaver, Homer, for Appellee, Priscilla Wallace.
Robert L. Odinet, Baton Rouge, for Appellee, Scottsdale Insurance Company.
Martin S. Craighead, Monroe, for Appellee, Harmon Wood Company.
James L. Fortson, Jr., Shreveport, for Appellee, Bruce Sullivan.
Daniel W. Newell, Minden, for Appellee, Eddie R. Harmon.
*247 Before WILLIAMS and GASKINS, JJ., and TRAYLOR, J. Pro Tem.
WILLIAMS, Judge.
The plaintiff, Janice Sullivan, appeals a summary judgment rendered in favor of the defendant, Priscilla Wallace. The district court found that the plaintiff could not present evidence to show that defendant was liable for cutting or selling timber from land co-owned by plaintiff. For the following reasons, we affirm in part, reverse in part and remand.

FACTS
During their marriage, Janice and Bruce Sullivan purchased a 120-acre tract of wooded land ("Sullivan tract") located in Claiborne Parish, Louisiana. After their divorce in 1990, the couple retained co-ownership in indivision of this land and it was included in their contested proceeding to partition the community property. Bruce Sullivan later purchased a parcel of land adjacent to the Sullivan tract as his separate property, where he resided.
In February 1994, Mr. Sullivan contacted Eddie Harmon, an officer of Harmon Wood Company, Inc. ("Harmon Wood"), who agreed to purchase and remove previously fallen and cut logs from the Sullivan tract. Harmon did not question Mr. Sullivan about other possible owners of the land from which the logs would be removed, and did not inspect the public records to determine the ownership of the property. At various locations around the 120-acre tract, signs were posted with the printed words "Tree Farm" and the name "Bruce Sullivan."
During the period from February 1994 to December 1994, Harmon Wood removed logs from the Sullivan tract. At the direction of Bruce Sullivan, Harmon Wood issued a series of checks in the total amount of $29,901 to Priscilla Wallace as payment for timber removed from the 120-acre tract. Harmon Wood also issued checks to Bruce Sullivan in the amount of $33,364 for additional logs removed. However, Janice Sullivan did not receive any payments for the wood taken from the co-owned land.
In March 1995, Janice Sullivan visited the property and discovered that timber had been cut and removed without her knowledge. Mrs. Sullivan contacted Harmon, informed him that the land was the subject of litigation, demanded that Harmon Wood stop removing timber from the Sullivan land and requested information about the transaction. In response, Harmon Wood ceased the removal of logs from the 120-acre tract and identified those who were paid for the timber.
Subsequently, the plaintiff, Janice Sullivan, filed a petition for damages against the defendants, Harmon Wood, Eddie Harmon, Bruce Sullivan and Priscilla Wallace. The plaintiff alleged that Harmon Wood and Eddie Harmon, individually, were liable for trespass, conversion, negligence and statutory treble damages. The defendants, Harmon Wood and Eddie Harmon, filed a motion for partial summary judgment seeking dismissal of the trespass, negligence and treble damage claims against Harmon Wood and dismissal of all claims against Eddie Harmon individually.
Following a hearing, the district court granted partial summary judgment in favor of Harmon Wood, and dismissed all claims against Eddie Harmon. This court affirmed the judgment in favor of Harmon, but reversed the partial summary judgment rendered in favor of Harmon Wood and remanded the case for further proceedings. Sullivan v. Wallace, 33,387 (La. App.2d Cir.8/23/00), 766 So.2d 654.
The plaintiff's petition also alleged that Priscilla Wallace conspired with Bruce Sullivan *248 to sell timber from the co-owned land with the intent to defraud plaintiff and falsely represented herself as an owner of the land to execute a timber sale. Plaintiff sought treble damages pursuant to LSA-R.S. 3:4278.1. Subsequently, Wallace filed a motion for summary judgment seeking dismissal of plaintiff's claims. After a hearing, the district court granted the motion for summary judgment, finding that plaintiff could not show that Wallace participated in acts giving rise to liability under the statute. The court rendered judgment dismissing plaintiff's claims against Wallace and certified the judgment as final for an immediate appeal. Plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the district court erred in granting summary judgment dismissing her claims under LSA-R.S. 3:4278.1. Plaintiff argues that summary judgment was improper because issues of material fact remain unresolved.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the movant will not bear the burden of proof at trial on the matter, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. The non-moving party must then produce factual support sufficient to satisfy her evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
LSA-R.S. 3:4278.1 provides in pertinent part:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.
* * * *
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.
The statute prohibiting the cutting of trees without consent and authorizing treble damages is punitive in nature and must be strictly construed. Haworth v. L'Hoste, 95-0714 (La.App. 4th Cir.11/30/95), 664 So.2d 1335, writ denied, 96-0408 (La.3/29/96), 670 So.2d 1235.
He who conspires with another person to commit an intentional or willful act is answerable with that person, for the damage caused by such act. LSA-C.C. art. 2324. To recover under a civil conspiracy theory of liability, the plaintiff must prove that an agreement existed to commit an illegal or tortious act which resulted in plaintiff's injury. Butz v. *249 Lynch, 97-2166 (La.App. 1st Cir.4/8/98), 710 So.2d 1171.
In the present case, Eddie Harmon testified by deposition that Harmon Wood agreed to purchase logs from Mr. Sullivan and issued checks payable to Priscilla Wallace in payment for the timber at his instruction. Harmon stated that he had not communicated with Wallace and that she was not mentioned as an owner of the land from which the logs were removed.
In his 1997 deposition, Bruce Sullivan testified that after an ice storm in February 1994, he contacted Harmon Wood regarding the sale of logs which were lying on the ground of the co-owned land. Sullivan stated that initially he intended to trade timber in exchange for Wallace's truck and wanted the checks issued in her name to "avoid taxes." However, Sullivan said he was told that he would not owe taxes on a sale of timber, so the trade was not made, but he did not tell Harmon Wood to stop issuing checks to Wallace during 1994. Sullivan testified that he alone had decided to cut and sell the timber, that he had picked up, endorsed and deposited the checks payable to Wallace and that he had received the entire amount from the timber sale proceeds. He reported the income on his 1994 tax return.
In her deposition, Wallace testified that she shared a joint checking account with Bruce Sullivan, but only made deposits and wrote checks from the account as he instructed. Wallace stated she was aware that Harmon Wood had issued checks in her name, but denied personally receiving any of those checks. Wallace testified that she "assumed" the checks in her name were deposited into the joint account, but that she had never looked at the account statements. Wallace acknowledged that an IRS form 1099, which showed that she was paid the timber sale proceeds of $29,901, was submitted with her 1994 tax return, but testified that this amount was later "backed out" of her income by her accountant and reported as Bruce Sullivan's income on his tax return.
The deposition testimony demonstrates that Wallace did not participate in the sale agreement between Bruce Sullivan and Harmon Wood, which issued checks payable to Wallace in payment for timber as directed by Sullivan, the seller. Contrary to the plaintiff's contention, the evidence does not support an inference that Sullivan acted as Wallace's agent in the sale and removal of timber from the co-owned land, since there was no showing that she exercised any control over his activities. In addition, the evidence does not prove that Wallace and Sullivan agreed to sell timber from plaintiff's land without her consent, in violation of LSA-R.S. 3:4278.1.
Based upon this record, the plaintiff has failed to present sufficient evidence to show that Wallace performed any acts of cutting, removing or selling trees located on the co-owned tract. Thus, we cannot say the district court erred in concluding that plaintiff could not satisfy her burden of establishing that Wallace acted in violation of Section 4278.1.
However, we note that the value of the timber removed from the co-owned land remains at issue. Thus, in light of the evidence that payment for such timber was made by checks payable to Wallace, she cannot be dismissed as a party in this action.
In her deposition, Wallace acknowledged that she was aware that checks were issued in her name and deposited in a bank account which she held jointly with Bruce Sullivan. Although Sullivan testified that he picked up and deposited the checks and spent all of the funds, Wallace stated that *250 she had written checks drawn on the joint account, but could not recall the names of the payees. Additionally, we note that Sullivan's deposition statements contradict his prior testimony in a child support proceeding that Wallace had received the entire amount of $29,901 in timber sale proceeds.
Based upon this record, a genuine issue of material fact exists with respect to whether Wallace or Sullivan was the party who actually received and must repay that portion of the timber sale proceeds belonging to the plaintiff. The resolution of this issue will require an evaluation of witness credibility and this determination is not appropriate for summary judgment. Consequently, we reverse the summary judgment on the issue of whether Wallace received the proceeds from the sale of timber removed from the co-owned land without the plaintiff's consent.

CONCLUSION
For the foregoing reasons, that part of the district court's judgment dismissing plaintiff's claim against Priscilla Wallace for recovery of the value of timber removed from the co-owned land is reversed. The judgment is otherwise affirmed and this case is remanded to the district court for further proceedings. Costs of this appeal are assessed one-half to the appellant, Janice Sullivan, and one-half to the appellee, Priscilla Wallace.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.