# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2015

Lyle W. Cayce
Clerk

No. 14-30787
Summary Calendar

CHARLES E. LOWMAN; ROBERT A. LOWMAN; JUANITA NEAL
LOWMAN,

> Plaintiffs - Appellants

v.

JERRY WHITAKER TIMBER CONTRACTORS, L.L.C.; RICKY WHITAKER;
EVERGREEN TIMBER CORPORATION, also known as Evergreen Timber;
BRADY TIMBER CORPORATION; JERRY WHITAKER,

> Defendants - Appellees

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 5:10-CV-1603

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Charles E. Lowman, Robert A. Lowman, and
Juanita Neal Lowman, proceeding pro se, brought this action against
Defendants-Appellees Jerry Whitaker Timber Contractors, L.L.C. ("JWTC"),

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-30787

Evergreen Timber Corporation ("Evergreen"), Brady Timber Corporation ("Brady"), Ricky Whitaker, and Jerry Whitaker, alleging various claims arising out of the theft of timber from Appellants' property.

Appellants are siblings who own contiguous tracks of land (comprising approximately twenty acres) in DeSoto Parish, Louisiana. In November 2009, Appellants discovered that the land, which previously had been populated by timber bearing trees, was mostly devoid of trees. Appellants filed suit in October 2010, alleging that loggers Ricky Whitaker, Michael Whitaker, and Jerry Whitaker trespassed onto their land and harvested their timber, and that Evergreen and Brady acted in conjunction with the Whitakers. In particular, Appellants allege that siblings "Ricky Whitaker, Michael Whitaker, and/or Jerry Whitaker was/were at all times acting as an agent(s) of and for Evergreen . . . and/or Brady . . . thereby rendering the latter vicariously liable for the actions of the former."

Brady, Evergreen, Jerry Whitaker, and JWTC filed motions for summary judgment, contending that they were not involved with the removal of timber from Appellants' property. The district court granted the motions. First, the district court accepted as true Appellees' statement of material facts because Appellants' opposition to the motions was untimely. Based on those facts, the court concluded that Appellants failed to demonstrate that Brady, Evergreen, Jerry Whitaker, or JWTC participated directly in the removal of the timber. Moreover, although there was evidence showing that Michael and Ricky Whitaker cut down the timber, there was no evidence, according to the district court, that Michael or Ricky Whitaker acted as agents or employees of the moving Appellees. Thus, the district court granted summary judgment dismissing the claims against Brady, Evergreen, Jerry Whitaker, and JWTC on the merits. Alternatively, the district court dismissed the claims for Appellants' failure to prosecute, reasoning that Appellants "have repeatedly

No. 14-30787

failed to comply with deadlines set by the Court and were warned of the potential ramifications for future transgressions." The case then proceeded against Ricky Whitaker and Michael Whitaker, and a jury found Ricky Whitaker liable for timber theft in the amount of $87,838.65.[1] After the entry of final judgment, Appellants timely appealed.

Appellants challenge the grant of summary judgment in favor of Brady, Evergreen, Jerry Whitaker, and JWTC. This court reviews de novo a district court's order granting a defendant's motion for summary judgment, applying the same standard as did the district court. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163 (5th Cir. 2006). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). This court views the evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

Appellants' claims against Brady, Evergreen, Jerry Whitaker, and JWTC are premised on Lousiana's timber cutting statute, which states:

> It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.

La. Rev. Stat. Ann. § 3:4278.1(A)(1). One who "willfully and intentionally" violates this provision is subject to treble damages. La. Rev. Stat. Ann.

---

[1] The claims against Michael Whitaker were dismissed, as he died during the course of the litigation.

§ 3:4278.1(B). Thus, because the statute "is punitive in nature," it "must be strictly construed." *Sullivan v. Wallace*, 859 So. 2d 245, 248 (La. Ct. App. 2003).

The district court did not err in granting summary judgment. First, although there was evidence before the district court showing that Ricky Whitaker and Michael Whitaker cut the timber at issue, there was no evidence suggesting that those individuals were employees of Brady, Evergreen, Jerry Whitaker, or JWTC—thus precluding respondeat superior liability. *See Smith v. Hughes Wood Prods., Inc.*, 544 So. 2d 687, 690 (La. Ct. App. 1989) (suggesting that employer may be liable under timber cutting statute for actions of employees based on the doctrine of respondeat superior, even if the employer did not direct or authorize the cutting). In determining whether an employer-employee relationship exists, "the most important element to be considered is the right of control and supervision over an individual." *Pender v. Elmore*, 855 So. 2d 930, 937–38 (La. Ct. App. 2003). "Factors to be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages, and the power of control and dismissal." *Id.*

Here, Brady and Evergreen have put forward evidence describing their relationship with the Whitakers:

> [T]he Whitakers would sell timber to the mill and in turn, they would receive a scale ticket from the mill. . . . [T]he Whitakers would bring the scale tickets to [Evergreen]. The scale tickets would have the product (wood, soft wood), class (pulpwood) and weight of the load. . . . [Evergreen] would purchase the scale tickets from the Whitakers for a fee. The sale of scale tickets would allow the Whitakers to get their payment for the scale tickets several weeks earlier.
>
> [Evergreen] would sell their scale tickets to [Brady] for a fee. [Brady] would ultimately receive payment from [the mill]. . . . [T]he selling and purchasing of scale tickets for a fee is a common practice in the timber industry. The practice allows smaller companies the ability to meet their payroll on a weekly basis.

No. 14-30787

Appellants have put forward no evidence disputing this arrangement, nor have they put forward evidence showing that either Brady or Evergreen controlled or supervised Ricky or Michael Whitaker's logging work in any way. Louisiana courts have rejected the argument that because parties "profited from [timber] sales, they should also share whatever liability is imposed on" the cutter pursuant to the timber cutting statute. *Id.* at 937–38; *see also Morgan v. Fuller,* 441 So. 2d 290, 297–98 (La. Ct. App. 1983) (rejecting argument that timber cutter's vendor may be held liable under timber cutting statute). With respect to Jerry Whitaker and JWTC, there is evidence in the record—uncontroverted by Appellants—that although "Jerry Whitaker is the brother of Ricky Whitaker and Michael Whitaker," there "is no business relationship between Jerry Whitaker and his brothers," nor is there a "business relationship between [JWTC] and Ricky Whitaker or Michael Whitaker." Indeed, Appellants concede that they "do not seek to establish an employer/employee relationship, between any of the actors."

Rather, Appellants appear to argue that Appellees directed or authorized the cutting of the timber at issue. However, Brady, Evergreen, Jerry Whitaker, and JWTC have each submitted evidence showing that they had no involvement in the cutting of the timber. Even considering the (untimely) evidence submitted by Appellants along with their opposition to the motions for summary judgment, that evidence is insufficient to create a genuine dispute of material fact as to this issue.[2] First, Appellants point to an affidavit filed by an investigator for the Louisiana Department of Agriculture and Forestry suggesting that Evergreen and Brady profited from prior schemes involving the theft of timber and the falsifying of scale tickets. Baldwin opines that,

---

[2] Therefore, we need not decide whether it was appropriate for the district court to disregard this evidence as untimely submitted.

5

based on the scale tickets he analyzed in relation to the theft of Appellants' timber, he saw "the same pattern" of activity.  However, there is no evidence connecting those scale tickets with the timber cut from Appellants' land.[3] Thus, even if Baldwin's affidavit indicates that Brady and Evergreen falsified certain scale tickets, it does not suggest that they instructed the Whitakers to cut the timber at issue here.  Appellants also point to evidence showing that officers of Evergreen had previously walked Appellants' property.  But this, without more, shows only that Evergreen was familiar with the property, not that they "authorize[d] or direct[ed]" Michael or Ricky Whitaker to cut down the timber in this case.  La. Rev. Stat. Ann. § 3:4278.1(A)(1).[4]  Nor is there any evidence that either Jerry Whitaker or JWTC had any such involvement.[5] Accordingly, the grant of summary judgment in favor of Jerry Whitaker, JWTC, Evergreen, and Brady was appropriate.  Because we conclude that summary judgment was proper on the merits, we need not decide whether the district court erred by dismissing those claims, in the alternative, based on Appellants' failure to prosecute.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] Indeed, Evergreen submitted evidence showing that it "never saw or inspected the timber" and did not know the origin of the timber related to the scale tickets it purchased.

[4] In addition, Appellants have submitted, in their appendix on appeal, a "final report" issued by Baldwin.  However, that report does not appear in the record and will therefore be disregarded.

[5] Even Ricky Whitaker, who admitted that he "did enter upon [Appellants]' property and cut timber," has declared that "neither Jerry Whitaker nor [JWTC] were involved in any manner with the cutting, logging, or selling of the timber on [Appellants]' property."